UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DIRK VAN VELZEN,

        Defendant.

No. CR01-315RSL

ORDER DENYING DEFENDANT'S
MOTION FOR CLARIFICATION OF
SENTENCE

## I. INTRODUCTION

This matter comes before the Court on defendant Dirk Van Velzen's "Motion for Clarification of Sentence and Order for Calculation and Award of Good-Time Credits" (Dkt. #24). Defendant asks the Court to issue an order clarifying that, when it stated that his federal sentence was to run concurrently with his state sentences, it intended his federal sentence to begin when he began serving his state sentence, two years before he received his federal conviction. Because defendant's interpretation of the Court's judgment is mistaken, his motion is denied.

## II. DISCUSSION

On September 13, 2002, defendant pleaded guilty in federal district court to a firearm

charge and was sentenced to 105 months imprisonment. At that time, defendant was serving his state sentence for his earlier California conviction, which he began serving on September 23, 1999. Once that sentence expired in November, 2004, he began serving his Washington State sentence. In sentencing defendant, the Court ordered "[t]hat the federal sentence <u>shall</u> run concurrently with the sentence imposed in Santa Barbara California . . . which he is presently serving, and the state sentence to be served in Washington . . . following completion of the California State sentence." Dkt. #22 at 2 (emphasis in original).

In contending that "the Court meant to run the federal sentence from the start of the Santa Barbara County sentence, which started on September 23, 1999," Dkt. #24 a 2, defendant wrongly conflates the meaning of "concurrently" with "retroactively." The Court ordered that defendant's sentence should run "concurrently with" his state sentences; in other words, his federal and state sentences shall run alongside each other instead of consecutively. The Court did not order defendant's federal sentence to run retroactively so as to give defendant credit for time served on his previous California conviction. A defendant would only receive credit for time served if the previous detention was "a result of the offense for which the sentence was imposed" or "a result of any other charge for which the defendant was arrested *after* the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b) (emphasis added). Defendant's California state sentence preceded his federal conviction and was in no way connected to his federal offense. The Court certainly did not intend to include in a federal sentence time served before the defendant was even in federal custody. For the same reason, defendant's contention that the Court should order the Bureau of Prisons to award him good time credits as of September 23, 1999 fails as well.

## III. CONCLUSION

For the foregoing reasons, defendant's motion for clarification of sentence is DENIED.

DATED this 16th day of October, 2008.


Robert S. Lasnik
United States District Judge